**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RUBEN TOVAR,

     Defendant-Appellant.

No. 97-4080
(D.C. No. 96-CV-619)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court denied defendant-appellant Ruben Tovar's motion for habeas relief filed pursuant to 28 U.S.C. § 2255. Over four months later, Mr. Tovar filed a motion for reconsideration which the district court construed as a motion seeking relief pursuant to Fed. R. Civ. P. 60(b). The district court denied the motion and Mr. Tovar appeals.

Initially we must address whether we have jurisdiction over this appeal. We recently held that a post-judgment Rule 60(b)(6) motion filed in a habeas proceeding is "a second habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')."[1] Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (Rule 60(b) motion filed after entry of judgment on 28 U.S.C. § 2254 petition). We emphasized that the restrictions imposed on successive petitions by AEDPA, 28 U.S.C. § 2244(b), cannot be circumvented by a petitioner's use of Rule 60(b). See id.

Pursuant to § 2244(b), Mr. Tovar was required to obtain prior authorization from this court before filing a second § 2255 motion in district court. As he failed to obtain this authorization, the district court lacked jurisdiction to decide his motion and we must vacate the district court's order.

---

[1] Mr. Tovar filed both his § 2255 motion and his Rule 60(b) motion after the effective date of AEDPA.

See id. at 975-76; United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997).

We construe Mr. Tovar's notice of appeal and brief on appeal as an implied application for leave to file a second § 2255 motion in district court. See Lopez, 141 F.3d at 976. In his implied application, Mr. Tovar argues that the district court did not consider mitigating factors which would warrant a downward departure in his sentence. Mr. Tovar also contends his constitutional protections of equal protection and due process were violated by the Sentencing Commission's decision to give preferential treatment to American citizens.

Mr. Tovar has failed to make a prima facie sufficient to satisfy the AEDPA criteria for filing of a second habeas application. See § 2244(b)(3)(C). Accordingly, we VACATE the district court's order denying Mr. Tovar's "motion for reconsideration" and we DENY the implied application for leave to file a second § 2255 motion in district court. The government's motion to dismiss this appeal for lack of jurisdiction to consider the district court's decision not to downwardly depart is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge


-3-