**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH MACASTLE JACKSON,

Petitioner-Appellant,

v.

RON CHAMPION,

Respondent-Appellee.

No. 98-6023
(D.C. No. CIV-96-637-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the district court's denial of his motion for resettlement, vacation or modification of the district court's order denying his 28 U.S.C. § 2254 habeas petition. Petitioner filed his first habeas petition on October 28, 1988, and it was denied on the merits. His second petition, filed January 10, 1991, was dismissed as abusive, and this court affirmed. Petitioner filed his third petition for habeas relief on March 27, 1996, the district court denied the petition on September 27, 1996, and this court dismissed the appeal. On December 17, 1997, petitioner filed a motion for relief from the district court's denial of his habeas petition pursuant to Fed. R. Civ. P. 60(b). The district court denied the motion, and petitioner appeals.

We treat petitioner's Rule 60(b) motion as his fourth habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), because "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (quotation omitted). Petitioner filed the Rule 60(b) motion after the effective date of AEDPA. Consequently, he was required to obtain authorization from this court before filing a successive habeas petition in the district court. [1] See Lopez,

---

[1] We do not decide whether 28 U.S.C. § 2244(b)(1) required dismissal of this habeas petition for presenting claims already presented in prior applications. As in previous filings and as the district court recognized, it is difficult to decipher what petitioner is arguing. Thus, it is difficult to determine whether petitioner

(continued...)

141 F.3d at 975; 28 U.S.C. § 2244(b)(3).  We must, therefore, vacate the district court's order because it did not have jurisdiction to decide the unauthorized petition.  See Lopez, 141 F.3d at 975-76.

We construe the notice of appeal and appellate brief in this case as "an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a [fourth] habeas petition in the district court."     Id. at 976.  Petitioner's implied application does not meet the requirements § 2244(b)(2):  he does not allege or show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" nor does he allege or show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."

Accordingly, we VACATE the district court's order of September 27, 1996, disposing of petitioner's unauthorized fourth petition for habeas relief, and we

[1](...continued)
has presented these claims in a prior application.

DENY the implied application for leave to file a fourth petition in the district court. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge