**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENNY LEE PRIDE,

      Petitioner-Appellant,

v.

BOBBY BOONE,

      Respondent-Appellee.

No. 99-5138
(D.C. No. 97-CV-411-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Benny Lee Pride seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Pride is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. *See id*. § 2253(c)(2). He can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Slack v. McDaniel*, No. 98-6322, 2000 WL 478879, at *7 (U.S. Apr. 26, 2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in *Barefoot [v. Estelle*, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Pride has not made this requisite showing and, accordingly, this court denies his request for a COA and dismisses this appeal.

## I. BACKGROUND

On the evening of July 23, 1993, the driver of a pick-up truck, Johnny Owens, got into an altercation with the driver of a Blazer, driven by Richard Gibbs. After the vehicles collided, they pulled to the side of the highway and both drivers exited. Pride was a passenger in the truck. At trial, one witness,

Sally Cates, testified that she saw Pride get out of the truck with Owens; that she saw both Owens and Pride hit Gibbs in the head, saw Gibbs fall to the ground and saw Owens hit Gibbs twice more while he lay on the ground. Cates testified that Owens was armed with a 2x4 piece of wood, and that she saw something in Pride's hand, but did not see anything in Gibbs' hand. Cates saw Owens and Pride return to the truck and leave the scene. Gibbs died of blunt force trauma injuries to the head.

Another witness, Rhonda Harjo, testified that Owens got out of the truck armed with a 2x4, while Pride remained in the truck for a minute or two. Harjo testified that she saw something in Gibbs' hands which he was swinging and remembered previously testifying that the "something" had been a pipe or metal object. Harjo testified Pride ran over to the scene of the fight after Gibbs was on the ground and then began hitting Gibbs, but she could not recall whether Pride had a weapon.

Pride was convicted by a jury of second degree murder. During the sentencing phase, the state trial court declared a mistrial at the request of defense counsel because the jury had seen Pride in handcuffs. Over Pride's objections, the court ordered a new trial only as to the sentencing phase. A different jury was empaneled for, and a new trial judge presided over, the sentencing phase. Pride was sentenced to 400 years' imprisonment. He filed a direct appeal on

September 14, 1995, which was summarily denied by the Oklahoma Court of Criminal Appeals on April 13, 1996. He did not file a state application for post-conviction relief.

Pride filed a § 2254 habeas corpus petition on April 28, 1997, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). His petition raised three claims: (1) the trial court erred in denying the admission of certain defense evidence; (2) he was denied his statutory right to have his sentence determined by the same jury that determined his guilt and the sentencing phase was fatally marred because the state failed to present a prima facie case against him and failed to present potentially exculpatory evidence at the sentencing phase; and (3) the jury instructions at the sentencing phase did not properly instruct the jury as to the elements of a "prior felony conviction." Pride exhausted his state remedies as to these claims because they were raised on direct appeal. The district court denied the petition on June 18, 1999, ruling that the Oklahoma Court of Criminal Appeals' decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). On July 1, 1999, after the entry of the judgment and order of dismissal, Pride filed a motion with the district court seeking to stay the habeas petition and requesting leave to return to state court in order to raise, for the first time, ineffective assistance of counsel

claims. The district court denied this request and denied Pride's application for COA. Pride has renewed his COA request in this court, raising two of the claims asserted in his habeas petition as well as his post-judgment ineffective assistance of counsel claims.

## II. HABEAS CLAIMS

### A. Exclusion of Evidence

Pride argues the trial court violated his due process rights by refusing to allow into evidence a metal pipe, and to allow the testimony of a Tulsa police detective who would testify that the day after the homicide, Owens and his attorney turned the metal pipe over to the police. Pride argues that the metal pipe corroborated Harjo's testimony that Gibbs had been carrying a metal pipe, which may have enabled him to present a defense that he was acting in defense of another. The trial court did not allow this testimony or the admission of the pipe, ruling that it lacked any probative value because there was no evidence linking the pipe to the scene of the homicide.

The ruling that this evidence lacked probative value is a matter properly left to the state trial judge. *See Cooper v. State*, 552 P.2d 406, 414 (Okla. Crim. App. 1976). "State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights."

*Duvall v. Reynolds*, 139 F.3d 768, 787 (10th Cir.) (further quotation omitted), *cert. denied*, 119 S. Ct. 345 (1998). Pride was not prevented from presenting a defense because he was able to introduce Harjo's testimony at trial that Gibbs may have been armed with a metal pipe. There was no proffer that the pipe was the same one allegedly seen by Harjo, nor was there any evidence establishing where the pipe was found. The district court's assessment that the exclusion of this evidence did not render the trial fundamentally unfair is neither debatable nor wrong. *See Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) (holding that the exclusion of evidence can result in a fundamentally unfair trial only if the excluded evidence was so "material" that it would have created "reasonable doubt that did not exist without the evidence.").

B. Sentencing Phase

Pride argues that he was denied due process because the evidence presented in the sentencing phase did not present a full and fair picture of the evidence as presented during the guilt stage. *See* Application for COA at 2. Pride complains that it was not made clear at the sentencing phase that Sally Cates had been stopped at a red light immediately prior to the altercation, and did not see all of the events at the scene of the homicide. He complains that the state did not call Harjo as a witness and, thus, her testimony that Gibbs might have been holding a metal pipe and that Pride did not immediately exit the truck was not introduced

by the state at the sentencing phase. Further, because Harjo was the only witness who was able to identify Pride as the passenger, he claims the state did not even present a prima facie case against him at sentencing.

Pride had already been found guilty by the trial jury, thus, the only evidence the state was required to present to the sentencing jury was evidence relevant to the issue of punishment. *See Vaughn v. State*, 697 P.2d 963, 967 (Okla. Crim. App. 1985); *Stout v. State*, 693 P.2d 617, 628 (Okla. Crim. App. 1984). However, in granting the new trial as to the sentencing phase only, the state trial court informed Pride's defense counsel that he was permitted to introduce the trial transcripts from the guilt phase and to call any witnesses he wanted. *See* Tr. Vol. II, at 3, 5. Pride's counsel chose not to introduce the trial transcripts or to call any witnesses during the sentencing stage. Nevertheless, Pride had every opportunity to make whatever presentation he wanted during the sentencing phase, and to introduce all of the evidence he now complains was not presented to the sentencing jury, including calling Harjo or introducing her trial testimony. We are satisfied from our review of the record that the district court's assessment of this constitutional claim is neither debatable nor wrong. *See Slack*, 2000 WL 478879, at *7.

C. Ineffective Assistance of Counsel

After the entry of the judgment dismissing his habeas petition on the merits, Pride filed a motion in district court seeking to stay his habeas petition and requesting leave to return to state court in order to exhaust ineffective assistance of counsel claims. Pride never raised any ineffective assistance of counsel claims in state court. Nor did he raise his ineffective assistance claims in his habeas petition. Pride's post-judgment motion cited to numerous rules of civil procedure, including Fed. R. Civ. P. 60(b). The district court denied the motion, stating it was without authority to grant the requested relief. *See* R. Doc. 22, at 2.

We have held that a Rule 60(b) post-judgment motion filed in the district court is a second habeas petition under AEDPA. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). The restrictions imposed on successive petitions by AEDPA, 28 U.S.C. § 2244(b), cannot be circumvented by a petitioner's use of Rule 60(b). *See id*. Pursuant to § 2244(b), Pride was required to obtain prior authorization from this court before filing a second § 2254 motion in district court. As he failed to obtain this authorization, the district court's procedural ruling that it lacked authority to grant the requested relief was correct. *See Slack*, 2000 WL 478879, at *7 ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least . . . that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling.")

Pride renews his request to be allowed to return to state court to exhaust his ineffective assistance of counsel claims in his application before this court for COA. We construe this request as "an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition in the district court." *Lopez*, 141 F.3d at 976. Pride's implied application does not meet the requirements of § 2244(b)(2): he does not allege or show "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" nor does he allege or show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."

Because Pride has not "made a substantial showing of the denial of a constitutional right," as required by § 2253(c)(2), we DENY his request for a COA and DISMISS this appeal. Pride's implied application for leave to file a successive § 2254 petition in the district court is DENIED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-9-