**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BOBBY EUGENE LUCKY,

    Petitioner-Appellant,

v.

RON WARD, Warden,

    Respondent-Appellee.

No. 00-6125
(W.D. Okla.)
(D.Ct. No. 97-CV-618-L)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Bobby Eugene Lucky, a state inmate appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his "Motion for Relief from Order," which the district court construed as a Federal Rule of Civil Procedure 60(b)(6) motion. In his motion, Mr. Lucky sought relief from the district court's order and judgment denying him federal habeas relief under 28 U.S.C. § 2254. Mr. Lucky now appeals the district court's denial of his Rule 60(b)(6) motion.

The procedural background in this case warrants a short discussion. On April 22, 1997, Mr. Lucky filed his § 2254 motion, seeking habeas relief on sundry federal and state issues. The district court referred the matter to a magistrate judge who first ruled on a variety of motions filed by both Mr. Lucky and the government.[1] Ultimately, on February 4, 1999, the magistrate judge issued a cogent and exhaustive Report and Recommendation, recommending denial of Mr. Lucky's § 2254 petition. On March 31, 1999, after reviewing Mr. Lucky's objections thereto, the district court adopted the Report and Recommendation and denied Mr. Lucky's petition.

---

[1] Some of these motions dealt with the government's contention Mr. Lucky's § 2254 petition was a successive petition because he had previously filed a similar § 2254 petition which the district court denied. The magistrate judge determined that although Mr. Lucky's petition was similar to a prior § 2254 petition filed by Mr. Lucky, it was not a second or successive petition because it attacked a different conviction and was filed after Mr. Lucky's third trial, which the other petition did not challenge. The district court similarly concluded it was not a second or successive petition.

On April 20, 1999, Mr. Lucky timely filed his notice of appeal. A few days later, Mr. Lucky filed the above-referenced Rule 60(b)(6) motion for disposition by the district court. On June 18, 1999, the district court construed Mr. Lucky's notice of appeal as a motion for a certificate of appealability to appeal the denial of his 28 U.S.C. § 2254 habeas petition, and denied the motion. On August 31, 1999, this Court dismissed Mr. Lucky's appeal for lack of prosecution pursuant to Tenth Circuit Rule 42.1. Finally, on March 22, 2000, the district court issued an order denying Mr. Lucky's Rule 60(b)(6) motion and holding Mr. Lucky failed to demonstrate relief was warranted. It is this district court order from which Mr. Lucky now appeals.

After reviewing the record, we hold the district court correctly construed Mr. Lucky's "Motion for Relief from Order" as a Rule 60(b)(6) motion. A reading of Mr. Lucky's motion shows he intended to seek relief from the district court's final order and judgment on his April 1997 § 2254 petition under Rule 60. We have held a post-judgment Rule 60(b)(6) motion, filed in a habeas proceeding, should be treated as "a second habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ...." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998). In addition, we have stressed that a Rule 60(b)(6) motion cannot be used to circumvent the restrictions imposed

on successive petitions. *See Lopez*, 141 F.3d at 975. Specifically, §
2244(b)(3)(A) requires a petitioner to obtain prior authorization from this Court
before filing a second § 2254 motion in the district court. Because Mr. Lucky
failed to obtain our authorization, the district court lacked jurisdiction to decide
his motion, and therefore, we must vacate the district court's order denying the
motion. *See Lopez*, 141 F.3d at 975-76.

Having made this determination, we next construe Mr. Lucky's notice of
appeal and brief on appeal as an implied application for leave to file another
§ 2254 petition in the district court. *See Lopez*, 141 F.3d at 976. In his implied
application, Mr. Lucky raises the same sundry federal and state issues he raised in
his April 1997 § 2254 petition, and which the magistrate judge thoroughly
addressed in the Report and Recommendation. In addition, Mr. Lucky also raises
the issue of double jeopardy under the Fifth Amendment because he claims the
state impermissibly tried him three times for the same crime.[2]

---

[2] As the magistrate judge noted, the state first tried and convicted Mr. Lucky in
May 1991, after which the trial court granted his motion for a new trial. After the state
tried and convicted Mr. Lucky a second time in October 1991, his conviction was
reversed on direct appeal and a new trial granted. Finally, after a third trial held in May
1995, Mr. Lucky's conviction was affirmed on appeal.

In order to obtain authorization to file a second § 2254 petition in the district court, Mr. Lucky must make the requisite showing under 28 U.S.C. § 2244(b)(2)(A)-(B). Specifically, Mr. Lucky:

> must make a prima facie showing that the grounds set forth are based on either a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was previously unavailable or newly discovered evidence, the factual basis for which could not have been discovered previously through the exercise of due diligence, and which would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the underlying offense.

*Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir.) (citing 28 U.S.C. § 2244(b)(2)), *cert. denied*, 120 S. Ct. 192 (1999). In short, Mr. Lucky must demonstrate either reliance on a new rule of constitutional law or facts that were previously undiscoverable and sufficient to establish, by clear and convincing evidence, he would not have been found guilty of the offense.

Following a review of Mr. Lucky's implied application, we determine his application does not meet the requirements of § 2244(b)(2)(A)-(B). Specifically, Mr. Lucky does not allege or show his claims rely on "a new rule of constitutional law." Section 2244(b)(2)(A). Mr. Lucky also fails to allege or show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "would be sufficient to establish by clear and convincing evidence that ... no reasonable factfinder would have found [him]

guilty of the underlying offense."  Section 2244(b)(2)(B)(i)-(ii).  Thus, we conclude Mr. Lucky has not made the prima facie showing necessary to satisfy the requirements under the Antiterrorism and Effective Death Penalty Act for filing a second habeas application.  *See* § 2244(b)(3)(C).  Accordingly, we **VACATE** the district court's order denying Mr. Lucky's Rule 60(b)(6) motion and deny Mr. Lucky's implied application for leave to file a second § 2254 motion in the district court.  We further deny Mr. Lucky's motion to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge