**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

JUN 4 2001

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

MARK R. MCGUIRE,

     Petitioner - Appellant,

vs.

JACK COWLEY; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA; STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 00-6229
(D.C. No. CIV-95-59-R)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.**

     Mr. McGuire, an inmate represented by retained counsel, seeks to appeal

from the district court's denial of his petition for habeas corpus relief under 28

U.S.C. § 2254.  For substantially the reasons stated in the magistrate judge's

---

     * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Report and Recommendation ("R&R"), we deny the application for a COA[1] and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 482 (2000).

The district court conditionally granted Mr. McGuire's original habeas petition in 1997, directing that a writ of habeas corpus issue unless "the State of Oklahoma provides the Petitioner with an opportunity to file a motion to withdraw his guilty pleas . . . out of time." Aplt. App. at 36 (quoting Order of Jan. 2, 1997). Mr. McGuire's out-of-time motion was denied on the merits, and the Oklahoma Court of Criminal Appeals ("OCCA") denied certiorari on August 11, 1998. Id. at 36-37, 41; see also id. at 66 (quoting portion of OCCA's Order). During the state proceedings, the federal district court directed that Mr. McGuire's habeas action be administratively closed until February 1999. Id. at 79 (nos. 38, 41, 43). In November 1998, Mr. McGuire moved to reopen his case and amend the petition. The district court granted the motion without imposing any restrictions on the amended claims. Id. at 37, 39-40; cf. Calderon v. Kan. Dep't of Social & Rehab. Servs., 181 F.3d 1180, 1186-87 (10th Cir. 1999) (concluding that court need not treat request to amend as formal motion to amend under Fed. R. Civ. P. 15(a) unless party specifies basis for proposed amendment). When Mr.

_____

[1] Although the district court did not act on the issue of a certificate of appealability ("COA"), a COA is nonetheless deemed to have been denied. See 10th Cir. Emergency Gen. Order at 2 (Oct. 1, 1996). We construe Mr. McGuire's Notice of Appeal as an application for a COA from this court. See Fed. R. App. P. 22(b)(2); see also Aplt. App. at 72.

McGuire filed his amended petition, including claims that arose from the original plea proceedings, the State moved to dismiss the amended petition as a successive petition. Aplt. App. at 37; see also 28 U.S.C. § 2244(b). Upon the magistrate judge's recommendation, Aplt. App. at 32, the district court denied the amended petition on the merits. Id. at 69-71.

Because Mr. McGuire's amended petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act, including the requirement that a petitioner obtain permission from the Court of Appeals in order to file a successive petition. Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998); see also 28 U.S.C. § 2244(b)(3). In this case, the district court never entered a final judgment on Mr. McGuire's original petition, and the amended petition was filed with the court's unconditional permission. Aplt. App. at 40. Given the procedural posture of this case, the amended petition cannot be deemed successive, regardless of the substance of the claims asserted therein. Thus, we agree that § 2244(b) did not bar the district court's consideration of the merits of Mr. McGuire's amended petition. Id.

The claims in the amended petition fall into three categories: (1) ineffective assistance of counsel in connection with the original plea proceedings; (2) due process and equal protection violations, as well as other "wrong and unfair" acts, by the Oklahoma courts; and (3) ineffective assistance of counsel in

- 3 -

connection with the most recent state post-conviction proceedings. We agree with the disposition of those claims below. Id. at 40-67, 70-71. Mr. McGuire has not shown that his original defense attorney provided constitutionally defective assistance in connection with the 1989 plea proceedings. See Strickland v. Washington, 466 U.S. 668 (1984); see also Aplt. App. at 41-63. As to the Oklahoma proceedings, Mr. McGuire's constitutional claims are incorporated in his ineffective assistance claims, which we have already rejected as meritless. Aplt. App. at 65. To the extent his claims concern matters of state law and state procedure, they are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citation omitted); see also 28 U.S.C. § 2254(a). Finally, because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," Coleman v. Thompson, 501 U.S. 722, 752 (1991), we also reject the ineffective assistance claims that relate to Mr. McGuire's motion to withdraw his pleas and his certiorari petition to the OCCA.

In sum, we hold that Mr. McGuire has failed to make the requisite substantial showing of the denial of a constitutional right, Slack, 529 U.S. at 482, and we therefore deny his application for a COA and dismiss the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge