**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASPER GEORGE PITTS,

      Petitioner - Appellant,

vs.

RONALD J. CHAMPION,

      Respondent - Appellee.

Nos. 00-5169 and 00-5218
(D.C. No. 97-CV-761-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

      Petitioner-Appellant Jasper George Pitts, Jr., an inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal from the

district court's order denying relief on his petition for a writ of habeas corpus, 28

U.S.C. § 2254. In addition, Mr. Pitts also appeals the district court's denial of his

motion to vacate the judgment under Fed. R. Civ. P. 60(b). Because we find that

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Mr. Pitts has failed to make "a substantial showing of the denial of a

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request

for a COA and dismiss his first appeal. We also find that the district court did not

have jurisdiction to consider Mr. Pitt's motion to vacate the judgment as we

construe the motion as a second petition under AEDPA.

In October 1995, a jury convicted Mr. Pitts of Larceny of Merchandise

From a Retailer, After Former Conviction of Two or More Felonies, and the trial

judge sentenced Mr. Pitts to fifty years' imprisonment. R. Doc. 15, at 1. The

Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction

on direct appeal. R. Doc. 5, Ex. A. Mr. Pitts then filed an application for post-

conviction relief in the state trial court alleging that he was denied the effective

assistance of both trial and appellate counsel. Id., Ex. B. The state district court

denied Mr. Pitts' application for post-conviction relief, Id., and the OCCA

affirmed the denial on appeal. Id., Ex. C.

In 1997, Mr. Pitts filed the instant federal habeas petition. R. Doc. 1. Mr.

Pitts raised four issues in his petition: 1) "[t]he trial court violated petitioner's

Due Process rights by allowing the State to amend the Information after the close

of evidence"; 2) "[p]rosecutorial misconduct rendered the petitioner's state court

trial fundamentally unfair within [the] meaning of [the] due process clause of

[the] Fourteenth Amendment"; 3) "[t]he evidence was insufficient from which a

rational trier of fact could have found that the state sustained its burden of proof to show that the petitioner was a recidivist"; and 4) "[p]etitioner was denied the effective assistance of counsel on direct appeal." Id.  The district court denied the petition on the merits.  R. Doc. 15.  Mr. Pitts then filed two motions in quick succession: a motion to alter or amend the judgment, R. Doc. 17,  and a motion for leave to amend his habeas petition to raise one additional issue regarding the sufficiency of the evidence.  R. Doc. 18.  The district court denied both motions, R. Doc. 19, and Mr. Pitts' request for a COA, R. Doc. 27, and Mr. Pitts filed his first appeal.  See Aplt. Br. (No. 00-5169, filed Oct. 12, 2000).

Mr. Pitts next filed in the district court a motion to vacate the judgment pursuant to Fed. R. Civ. P. 60 (b).  R. Doc. 20.  The district court denied this motion as a second habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996.  R. Doc. 21.  Mr. Pitts filed a motion for reconsideration, R. Doc. 26, which the district court also denied.  R. Doc. 32.  From this denial, Mr. Pitts filed his second appeal.  See Aplt. Br. (No. 00-5218, filed Dec. 21, 2000). We will address both appeals below.

In his first appeal (No. 00-5169), Mr. Pitts raises five issues before this court.  The first four issues correspond exactly to the four issues that Mr. Pitts raised before the federal district court, so we will not repeat them here.  In addition, Mr. Pitts alleges that "[t]he district court abused its discretion in

- 3 -

refusing to grant appellant leave to amend his complaint after final judgment."
Aplt. Br. (No. 00-5169) at 3i.

Addressing the first four issues that Mr. Pitts raises in his first appeal, we have reviewed the district court's judgment in light of Mr. Pitts' submissions to this court and the record on appeal. We agree with the district court that Mr. Pitts has failed to establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-413 (2000), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In regards to Mr. Pitts' contention that the district court abused its discretion in denying Mr. Pitts' motion to amend his habeas petition, we find no such abuse. The district court correctly held that once a judgment is entered, "the filing of an amended petition is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." R. Doc. 19, at 2; Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985).

In Mr. Pitts' second appeal, Mr. Pitts raises a single issue: that the district court abused its discretion in treating Mr. Pitts' motion to vacate the judgment as a second or successive habeas petition under AEDPA. See Aplt. Br. (No. 00-5218) at 3. We disagree. The district court was correct in holding that a post-

judgment Rule 60(b)(6) motion filed in a habeas proceeding is a second habeas petition under AEDPA. Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). As Mr. Pitts has not sought the proper authorization to file such a petition, 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to decide his unauthorized second petition, and we must vacate the district court order. Lopez, 141 F.3d at 975-76.

However, we will construe Mr. Pitts' notice of appeal and appellate brief as an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second habeas petition in the district court. Id. at 976. Having reviewed the implied application, we conclude that Mr. Pitts has failed to make a prima facie showing that satisfies AEDPA's criteria for the filing of a second habeas petition. See 28 U.S.C. § 2244(b)(3)(C); see also Lopez, 141 F.3d at 976.

Therefore, as to Mr. Pitts' first appeal (No. 00-5169), we DENY Mr. Pitts' application for a COA and DISMISS the appeal. As to Mr. Pitts' second appeal (No. 00-5218), we VACATE the district court's August 14, 2000 order disposing of Mr. Pitts' unauthorized second § 2254 petition and we DENY Mr. Pitts' implied application for leave to file a second petition in the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge