**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK SOKOLOSKY,

      Petitioner-Appellant,

v.

JAMES SAFFLE, Warden,

      Respondent-Appellee.

No. 01-7026
(D.C. No. 99-CV-357-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **SEYMOUR** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Patrick Sokolosky appeals from the district court's order denying his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. At the outset, we note a jurisdictional problem with this appeal. The district court entered its order denying Sokolosky's petition for writ of habeas corpus on December 8, 2000. Sokolosky did not file a notice of appeal within thirty days of the entry of that order, as required by Fed. R. App. P. 4(a)(1)(A). He did, however, file a "motion to set aside judgment" on December 28, 2000. Since this motion was not filed within ten days of the entry of judgment, we construe it as a Fed. R. Civ. P. 60(b) motion, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), which did not toll the time for filing a notice of appeal from the underlying judgment. *See* Fed. R. App. P. 4(a)(4).

On February 12, 2001, the district court entered an order denying the 60(b) motion. Sokolosky filed his notice of appeal on March 1, 2001, within thirty days of the entry of this latter order. [1] This notice of appeal therefore at most raises for our review the order denying Sokolosky's 60(b) motion, and not the original order denying his petition for writ of habeas corpus. *Van Skiver*, 952 F.2d at 1243.

---

[1] To further complicate matters, Sokolosky also filed on March 1, 2001, a motion for clarification of the February 12, 2001 order. The district court denied this motion on March 23, 2001, and Sokolosky did not take appeal from the order denying the motion for clarification.

Rule 60(b) motions cannot be used to circumvent the restrictions imposed on successive habeas petitions. *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). Even if Mr. Sokolosky's 60(b) motion is not construed as an attempt to file a successive petition, he fails to show that the district court abused its discretion by denying the motion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("We review the district court's denial of a Rule 60(b) motion for abuse of discretion.").

We therefore DISMISS Sokolosky's appeal from the district court's order denying his habeas petition for lack of appellate jurisdiction, and AFFIRM the denial of his 60(b) motion. Sokolosky's "Request for Directive to District Court," filed April 16, 2001, is DENIED. His "Motion to Deny Consideration of Appellee's Brief" is DENIED as moot. His request for leave to proceed IFP is DENIED as moot, since the district court previously granted IFP for purposes of this appeal.

Entered for the Court

Stephanie K. Seymour
Circuit Judge