**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GEORGE THOMAS PRATT,

    Defendant - Appellant.

No. 02-7044
D.C. No. 02-CV-86-S
and 90-CR-52-S
(E. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On February 19, 2002, Appellant George Thomas Pratt filed a motion for relief from a judgment of criminal conviction in federal district court. The motion was ostensibly filed pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Noting that Pratt had previously filed a motion pursuant to 28 U.S.C. § 2255 and recognizing that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions," the district court construed Pratt's motion as an application to file a second or successive habeas petition and transferred it to this court pursuant to 28 U.S.C. § 1631. *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). Pratt brought this appeal, challenging the district court's determination that his Rule 60(b)(3) motion was an application to file a second or successive habeas petition.

On May 1, 2002, this court, acting on the matter transferred by the district court, denied Pratt authorization to file a second or successive habeas petition. Inherent in our denial of such authorization is a determination that the district court's transfer of Pratt's motion was proper. Accordingly, this appeal is **dismissed** as moot.

Pratt has also requested permission from this court to proceed *in forma pauperis* on appeal. Pratt's request, however, was also made before the district

court and that court granted such permission. Consequently, Pratt's motion to proceed *in forma pauperis* filed with this court is **denied** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge