**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID OWEN
VANLITSENBORGH,

        Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent-Appellee.

No. 05-8114
(D.C. No. 05-CV-245-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO, McCONNELL,** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has

determined unanimously to grant the parties' request for a decision on the

briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

The defendant appeals the district court's denial of his petition for a

---

[*]    This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

writ of error audita querela which challenged the legality of his sentence imposed following his conviction of drug and firearms offenses. We vacate the order for lack of subject matter jurisdiction, construe the notice of appeal and appellate brief as an implied application for leave to file a successive 28 U.S.C. § 2255 motion, and deny authorization.

The defendant's original § 2255 motion was denied by the district court. Subsequently, the defendant filed the petition which is the subject of this appeal, contending that his sentence is illegal under *United States v. Booker*, 543 U.S. 220 (2005). The district court denied the motion, concluding that § 2255 is neither inadequate nor unavailable, that § 2255 remained the exclusive means by which the defendant could raise such a challenge, and that *Booker* is not retroactive.

The defendant's petition constituted a § 2255 motion under the Antiterrorism and Effective Death Penalty Act. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) ("[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255 …. [T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.") (internal quotations and citations omitted). Accordingly, the district court lacked jurisdiction

over the motion, and the district court order must be vacated. *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998).

However, we will construe the defendant's notice of appeal and appellate brief as a request for the required authorization. *Id.*

We have thoroughly reviewed the matter and conclude that the defendant has failed to make the prima facie showing required by § 2255 as amended by the Antiterrorism and Effective Death Penalty Act. His contentions are not based on newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

*Booker* has not been made retroactive to cases on collateral review as required by § 2255 ¶ 8. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Pursuant to the Supreme Court's holding in [*Tyler v. Cain*, 533 U.S. 656 (2001)] we must conclude that under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, *Booker* may not be applied retroactively to second or successive habeas petitions."). Nor do the other claims raised by the defendant meet

the gatekeeping requirements.

The motion to proceed in forma pauperis is granted, the district court

order is **VACATED**, and the implied application for authorization to file a

second § 2255 petition is **DENIED**.

ENTERED FOR THE COURT

PER CURIAM