F I L E D
United States Court of Appeals
Tenth Circuit

MAR 9 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TERRENCE M. BROWN,

      Defendant-Appellant.

No. 00-3268
(D.C. No. 97-10114-01-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **BALDOCK** and **EBEL**, Circuit Judges.

Defendant-Appellant Terrence M. Brown ("Brown") filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. §2255 ("Petition"), challenging the

validity of his conviction on one count of inducing or enticing a minor to engage

in sexually explicit conduct in violation of 18 U.S.C. §2251. Although he pled

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

guilty to this charge (in exchange for the government dismissing the only other count in the indictment), Brown argued in his Petition that his conviction violated the First Amendment, that the federal trial court lacked jurisdiction to hear the case, that he received ineffective assistance of counsel in regard to his decision to plead guilty, and that the United States Sentencing Guidelines ("USSG") were inappropriately applied in his case.[1] (See Doc. 63.)

The district court denied the Petition without holding an evidentiary hearing. (See Doc. 68.) The district court first rejected Brown's jurisdictional claim, which was apparently based upon the idea that his actions did not comport with the elements of the offense to which he pled guilty, an assertion that was in direct contradiction to a prior sworn statement made by Brown. In so doing, the district court stated that "[t]here is no question that this court had jurisdiction to take defendant's plea and to impose sentence." (See Doc. 68 at 2.) The court rejected Brown's First Amendment claim, as well, noting that there is no First Amendment protection afforded to solicitations to commit crime.[2] (See id. at 3.)

---

[1] Brown also filed a direct appeal to this court, arguing that he was entitled to two three-level reductions in his base offense level under the USSG because his offense was never completed, but was instead merely an attempt to solicit. See United States v. Brown, No. 98-3164, 1999 WL 3369 (10th Cir. Jan. 6, 1999) (unpublished opinion). We affirmed Brown's conviction.

[2] The district court noted that the jurisdictional and First Amendment issues were not raised on direct appeal. Because 28 U.S.C. §2255 relief is generally not available on issues which should have been raised on direct appeal

(continued...)

In regard to Brown's argument regarding sentencing, the district court found that Brown's arguments were foreclosed by this court's prior ruling on that very issue on direct appeal. (See id. at 6.) Finally, the district court rejected Brown's argument that his counsel was constitutionally ineffective. The court acknowledged Brown's argument that his counsel led him to believe he would be subject to a 30-year maximum sentence if he went to trial, but would be subject to only a 10-year maximum sentence if he pled guilty, due to an increase in the statutory sentencing range that had gone into effect on September 30, 1996. Such a statement, had it occurred, would have been an erroneous statement of the law. However, the district court then quoted at length from Brown's petition to enter a plea of guilty, which Brown signed under oath, that stated:

> My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum term of  NO MANDATORY MINIMUM  years imprisonment (if applicable) and to a maximum punishment which, as provided by law, is  TEN (10) years, . . .

(See Doc. 68 at 4.) Brown's signed statement then included a footnote which stated:

> In this regard, my attorney has specifically informed me that pursuant to 18 U.S.C. §2251(d), as it existed prior to the September 30, 1996 amendment, I am subject to a maximum term of imprisonment of not more than 10 years. My attorney has informed

[2](...continued)
but were not, the court also found that these issues had been procedurally defaulted. (See Doc. 68 at 3.)

- 3 -

me that because the present offense occurred prior to the September 30, 1996, amendment to 28 U.S.C. §2251(d), I am not subject to the enhanced sentences which now exist under the code section.

(See id. at 4.) In addition, the petition to enter a plea signed by Brown stated, "I swear that I have read, understood, and discussed with my attorneys, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct, to the best of [my] knowledge and belief." (Id. at 5.) Finally, the district court noted that, during the plea hearing, Brown stated that he had no outstanding questions about entering into the plea bargain and that he understood that all representations made by him in his petition to enter the plea were made under oath. (See id.) Given all this evidence that Brown was fully aware of the sentencing range to which he would be subject, either by pleading guilty or by being convicted at trial, the district court concluded that Brown's guilty plea was knowing and voluntary, and that his attorney's performance regarding the plea bargain was not deficient. (See id. at 6.)

Brown filed a request for a certificate of appealability ("COA") on August 21, 2000 (see Doc. 70), which the district court denied on September 14, 2000 (see Doc. 73). In denying COA, the district court noted that three of Brown's claims "relate, directly or indirectly, to a claim of ineffectiveness by defendant's trial and appellate counsel." (See id. at 1.) The district court then noted that,

despite Brown's current allegations of his counsel's ineffectiveness, Brown had assured the trial court on three different occasions, two under oath, that he was fully satisfied with his counsel's performance. (See id. at 1-2.) The court therefore concluded that Brown "has failed to make a substantial showing of the denial of a constitutional right in connection with any of his arguments and that no reasonable jurist would find said failure to be debatable." (Id. at 3.)

Brown then filed an application for COA with this court on October 10, 2000, in which he requested that this court consider on the merits three of the grounds for habeas relief addressed by the district court below: the First Amendment claim, the jurisdictional claim, and the claim of ineffective assistance of counsel. On October 23, 2000, however, Brown filed a motion to stay or dismiss his appeal, arguing that he should be allowed to return to the district court because "he realizes now that he made mistakes in his presentation [in the initial habeas proceeding] that need to be corrected in a Rule 60(b) motion." (See Motion to Stay or Dismiss Appeal at 1-2.) Specifically, Brown asserts in his motion that he did not understand that he had the burden of proving allegations of both ineffective assistance of counsel and the involuntariness of his plea, and that he now has evidence to support those claims. (See id. at 1.)

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions

apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). This court has stated that, in keeping with the requirements of AEDPA, a motion pursuant to Federal Rule of Civil Procedure 60(b) which follows the dismissal of a 28 U.S.C. §2254 habeas petition must be treated as a second habeas petition. See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). This is so Rule 60(b) "cannot be used to circumvent [AEDPA's] restraints on successive habeas petitions." Id. We see no reason why this rule would differ in the case of a 28 U.S.C. §2255 habeas petition, because the relevant substantive provisions of §2254 and §2255 are indistinguishable. As the Fifth Circuit stated in United States v. Rich, 141 F.3d 550 (5th Cir. 1998),

> [Rule 60(b)] permits the court to grant relief from a final judgment for "any ... reason justifying relief from the operation of the judgment [other than the first five reasons listed in the rule]." Fed. R. Civ. P. 60(b)(6). There has been a recent trend, however, to treat motions by federal prisoners to set aside their convictions on constitutional grounds as § 2255 motions, regardless of the label affixed to the motion. According to this trend, even though [a defendant's] Rule 60(b) motion is styled merely as an attack on the judgment denying [his] § 2255 motion, we should treat the Rule 60(b) motion as a successive § 2255 motion because the motion actually attacks the validity of [a defendant's] conviction.

Id. at 551. Under AEDPA, a district court lacks jurisdiction to hear a petitioner's successive habeas petition unless the petitioner has previously applied for, and received, authorization from a circuit court of appeals to file the second petition.

See 28 U.S.C. §2255 (referring to certification procedures contained in 28 U.S.C. §2244); 28 U.S.C. §2244(b)(3)(A); see also Lopez, 141 F.3d at 976. We thus construe Brown's request that we stay or dismiss his appeal so that he may file a Rule 60(b) motion with the district court "as an implied application under 28 U.S.C. §2244(b)(3)(A) for leave to file a second habeas petition in the district court." See Lopez, 141 F.3d at 976.

We reject Brown's implied application. We find that he has failed to make a prima facie showing either that his claim relies on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," id., as required by 28 U.S.C. §2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously," as required by 28 U.S.C. §2244(B). Because Brown has not made a prima facie showing that his claim meets the criteria set forth in 28 U.S.C. §2244(b)(2)(A)-(B) for second or successive habeas petitions, we cannot grant leave for Brown to file a second habeas petition. See 28 U.S.C. §2244(b)(3)(c). For this reason, we must also reject Brown's motion to stay or dismiss his appeal and turn now to the resolution of his habeas claims.

Under the provisions of AEDPA, a state prisoner appealing a district court's denial of habeas relief under §2254 must obtain a COA before we may consider the merits of his claim. See 28 U.S.C. §2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a

constitutional right." <u>See</u> 28 U.S.C. §2253(c)(3).  Because the district court denied a COA, we must first decide whether to issue Brown's requested COA before we may address his claims on the merits.  <u>See</u> <u>United States v. Simmonds</u>, 111 F.3d 737, 740-41 (10th Cir. 1997).

For substantially the same reasons as those relied upon by district court both to reject the initial petition on its merits and to deny COA, we find that COA should not be granted in this case.  This appeal is therefore DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge