F I L E D
United States Court of Appeals
Tenth Circuit

MAY 23 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL D. TOMLINSON,

       Petitioner-Appellant,

v.

JAKE MENDEZ, Warden, USP
Allenwood; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

       Respondents-Appellees.

No. 01-1019
(D.C. No. 00-Z-1529)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Randall Tomlinson ("Tomlinson") filed a Petition for

a Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28

U.S.C. §2254 on August 3, 2000. Tomlinson is not, however, currently in state

custody but is instead currently incarcerated in a federal prison in Beaumont,

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Texas, serving a 300-month federal sentence for kidnaping, see 18 U.S.C. 1201.[1]

In his Petition, Tomlinson alleged that a Colorado state court conviction for second degree burglary, which was entered following a guilty plea in 1991 and which was used in 1994 to enhance his current federal sentence pursuant to United States Sentencing Guidelines §4B1.1, was obtained as the result of ineffective assistance of counsel. (See Petition at 3, 7.) Specifically, he argued that his guilty plea on the state burglary charge was not knowing and voluntary because he was not informed by his attorney that the state conviction could later be used to enhance a federal sentence.[2] (See id. at 5.) Tomlinson has completely served the state sentence that he presently seeks to attack as unconstitutional, and is challenging it here based upon its use to enhance his current federal sentence. (See Petition at 7.)

---

[1] At the time the initial Petition was filed in the district court, Tomlinson was incarcerated in a federal prison located in White Deer, Pennsylvania serving the same sentence for which he is currently incarcerated.

[2] These arguments were presented to the Colorado District Court for the County of El Paso in a motion for post-conviction relief filed in September 1997, but were rejected on January 12, 1998. See State v. Tomlinson, No. 90CR2343, Division No. 3 (Colo. Dist. Ct. El Paso County, Jan. 12, 1998) (unpublished order). The Colorado Court of Appeals later affirmed the denial of Tomlinson's claims on their merits, see State v. Tomlinson, No. 98CA0226 (Colo. Ct. App. Nov. 4, 1999) (unpublished opinion), and certiorari was denied by the Colorado Supreme Court on April 24, 2000, see Tomlinson v. State, No. 00SC66 (Colo. Apr. 24, 2000).

The federal district court denied Tomlinson's Petition on November 8, 2000, finding that while Tomlinson could file a motion attacking the validity of the prior, expired state sentence in the context of its use to enhance his current federal sentence, only the federal district court that actually sentenced Tomlinson on the federal charges had jurisdiction to hear such a motion. See Tomlinson v. Mendez, et al., No. 00-ES-1529, slip op. at 3 (D. Colo. Nov. 8, 2000) (unpublished order) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Because Tomlinson's federal sentence was imposed by a federal district court in Lincoln, Nebraska, the jurisdiction in which he was both indicted for and pled guilty to the kidnaping charge, the district court determined that it was "not a proper forum for Mr. Tomlinson's challenge to the validity of his federal sentence." Id.

Tomlinson then filed a request for a certificate of appealability ("COA") and for leave to proceed on appeal in forma pauperis, both of which were rejected by the district court. Subsequently, Tomlinson filed with this court another request for a COA and for permission to proceed on appeal in forma pauperis.

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See, e.g., Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320, 336 (1997)). Under the

provisions of AEDPA, a state prisoner appealing a district court's denial of habeas relief under §2254 must obtain a COA before we may consider the merits of his claim. See 28 U.S.C. §2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). Because the district court denied Petitioner's COA, we must first decide whether to issue Petitioner's requested COA before we may address his claims on the merits. See United States v. Simmonds, 111 F.3d 737, 740-41 (10th Cir. 1997).

After reviewing the record in this case, we have determined that we do not have jurisdiction to consider Tomlinson's §2254 Petition and that Petitioner's request for a COA must therefore be denied.

Section 2254 states that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. §2254(a) (emphasis added). Tomlinson is not currently "in custody pursuant to a judgment of a State court," but is instead in federal custody pursuant to a judgment of the federal district court in Lincoln, Nebraska. He is therefore not entitled to federal habeas relief under §2254 because he has not satisfied the custodial prerequisite necessary to confer jurisdiction under that statute. See Charlton v. Morris, 53

- 4 -

F.3d 929, 929 (8th Cir. 1995) (holding that a federal prisoner currently serving a federal sentence which had been enhanced by an expired, prior state court conviction "was no longer 'in custody' for his state conviction" and therefore could not obtain habeas relief pursuant to §2254) (citing Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) (stating that a §2254 habeas petitioner whose sentence has expired is no longer "in custody" for that conviction, even if it was used to enhance his current sentence)).

It is true that we are obligated to construe pro se filings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and that it might be possible for us to recharacterize Tomlinson's Petition as one brought under 28 U.S.C. §2255 since he is currently in federal custody, see Ryan v. United States, 214 F.3d 877, 884 (7th Cir. 2000) (Wood, J., dissenting) ("[The defendant] is a federal prisoner 'in custody' under a federal sentence [which was enhanced based upon a challenged state conviction]. His complaint pertains to the length of that sentence, which means the statute he can and must use [to challenge the sentence] is §2255."). We nevertheless decline to recharacterize the Petition in that manner for two reasons. First, we have generally disfavored the recharacterization of non-§2255 motions filed by prisoners as §2255 motions, even where the prisoner may be entitled to relief under §2255 but is clearly not entitled to relief under whatever cause of action he has asserted, because of the concern that such

recharacterization might inadvertently result in a waiver of the prisoner's other claims for habeas relief.  See United States v. Kelly, 235 F.3d 1238, 1242 (10th Cir. 2000) ("[W]e have declined to construe a pro se Rule 32 motion as a §2255 motion where it was clear the defendant did not intend his motion to be so construed, largely out of concern that a subsequent §2255 motion would be considered successive."); United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) ("With AEDPA in place, the practice of liberally construing post-conviction motions as §2255 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review.").  Second, and more important, even if Tomlinson's Petition were recharacterized as a §2255 petition rather than a §2254 petition, he would not be entitled to relief due to the Supreme Court of the United States' recent opinion in Daniels v. United States, __ U.S. __, __, 121 S. Ct. 1578, 1584 (2001), in which the Court held that §2255 may not be used to collaterally attack an expired state conviction that was used to enhance a federal prisoner's current federal sentence.[3]

---

[3]  We also note that Tomlinson would not be entitled to relief under §2255 from this court in any event because a §2255 Petition challenging the legality of a federal prisoner's sentence must be filed with the same district court that imposed the sentence under attack.  See 28 U.S.C. §2255 ("A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the

(continued...)

- 6 -

For the foregoing reasons, we find that Tomlinson has not "made a substantial showing of a denial of a constitutional right" and thus decline to issue a COA in this case. Given the recency of the Supreme Court's <u>Daniels</u> opinion foreclosing relief under §2255,[4] however, we find that Tomlinson's Petition was not frivolous and therefore grant Tomlinson's motion to proceed on appeal in forma pauperis despite our decision to deny a COA in this case.

This appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3](...continued)
Constitution or laws of the United States . . . may move <u>the court which imposed the sentence</u> to vacate, set aside or correct the sentence.") (emphasis added). Here, Tomlinson filed his Petition with the United States District Court for the District of Colorado, which was not the court that imposed the sentence to which Tomlinson is presently objecting.

[4] Prior to the Court's decisions in <u>Daniels</u> and in <u>Lackawanna County Dist. Attorney v. Coss</u>, __ U.S. __, __, 121 S. Ct. 1567, 1569 (2001) (extending the holding in <u>Daniels</u> to preclude state prisoners' collateral attacks under §2254 to expired state convictions used to enhance their current state sentences), the Tenth Circuit had allowed prisoners to collaterally attack prior, expired state convictions that had been used to enhance sentences under which the petitioner was currently incarcerated. <u>See</u> <u>Collins v. Hesse</u>, 957 F.2d 746, 747 (10th Cir. 1992) (petition under §2241); <u>Gamble v. Parsons</u>, 898 F.2d 117, 118-19 (10th Cir. 1990) (petition under §2254).