**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENNIE WREN BOLTON,

              Petitioner - Appellant,

v.

EL RENO FEDERAL
CORRECTIONAL INSTITUTION;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

              Respondents - Appellees.

No. 07-5037

(N. D. Oklahoma)

(D.C. No. 05-CV-394-TCK-SAJ)

---

**ORDER**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Bennie W. Bolton, an inmate in federal custody, seeks a certificate of

appealability (COA) to appeal the denial by the United States District Court for

the Northern District of Oklahoma of his application for relief under 28 U.S.C.

§ 2254.  *See* 28 U.S.C. § 2253(c)(1)(b) (requiring COA to appeal denial of § 2254

---

[*]After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application). The district court denied the application as untimely under 28 U.S.C. § 2244(d)(1). But because the district court had no jurisdiction to consider Mr. Bolton's application, we vacate the judgment below and remand with instructions to dismiss the application without prejudice.

Mr. Bolton's application stated that he had pleaded guilty in Oklahoma state court to four armed robberies; that his convictions were not directly appealed; that he had repeatedly sought postconviction relief; and that in 1978 his sentence had been reduced from four 45-year sentences to four 15-year sentences. The application and supporting brief sought to challenge the validity of these convictions on the grounds that he had not voluntarily entered his guilty pleas, that he was convicted in violation of the Fourteenth Amendment because of his status as a minor, that he was denied effective assistance of counsel, that several judges in his postconviction state proceedings should have recused themselves, and that his pleadings in those proceedings should have been interpreted more liberally. These convictions were evidently used to enhance his sentence for a 1988 federal conviction under 18 U.S.C. § 922(g)(1).

Whatever the merits of Mr. Bolton's claims, he cannot seek relief under § 2254. The record clearly indicates that he long ago completed service of the challenged state convictions. Section 2254 is available only to "a person in custody pursuant to the judgment of a State court." § 2254(a). It is not enough that the state conviction may have affected a federal sentence currently being

served. As we have stated: "A prisoner who has completely served his state sentence is not entitled to habeas relief under § 2254 even if the state sentence affected the calculation of his federal sentence. Accordingly, the district court lacked jurisdiction to entertain [the applicant's] § 2254 petition." *Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (citations omitted).

Even if we were to interpret Mr. Bolton's application as a motion for relief under § 2255, the district court would have had no jurisdiction to entertain it. As the district court noted, Mr. Bolton had previously filed a § 2255 motion challenging the federal sentence. Therefore, this motion would be barred as a "second or successive" petition. *See* § 2255 ¶ 8. A "second or successive" § 2255 motion must be certified by an appellate panel before it can be addressed by a district court. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–31 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). We could construe Mr. Bolton's pleading in this court as an implied application to file a successive § 2255 motion in the district court, *see United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998); but we can certify a successive motion only if its claims rely on either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable." § 2255 ¶ 8; *see also Coleman v. United States*, 106 F.3d 339, 340 (10th Cir. 1997).  Mr. Bolton has made no argument and provided no facts to suggest that he meets either requirement.  Therefore, we refuse to certify his pleading as a proper successive motion.

Accordingly, we VACATE the judgment below and REMAND with instructions to dismiss Mr. Bolton's application for lack of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge