**In re: Anthony Braden BRYAN, Petitioner.**

**No. 00–10892.**

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 2000.

---

Heidi E. Brewer, Capital Collateral Representative, Richard B. Martell, Dept. of Legal Affairs, Andrew Thomas, (Court-Appointed) Chief Asst. CCC–NR, Tallahassee, FL, for United States.

Before ANDERSON, Chief Judge, and COX and CARNES, Circuit Judges.

## BY THE COURT:

 Anthony Braden Bryan is a Florida death row inmate. We previously affirmed the denial of his first petition seeking 28 U.S.C. § 2254 habeas corpus relief. *See Bryan v. Singletary*, 140 F.3d 1354 (11th Cir.1998), *cert. denied*, 525 U.S. 1159, 119 S.Ct. 1068, 143 L.Ed.2d 72 (1999). Bryan's execution is scheduled for tomorrow, February 24, 2000, at 7:00 a.m. This morning, he filed a "Petition for Authorization to Reopen Habeas Corpus Petition." We construe his petition as an application for an order permitting the district court to consider a second habeas corpus petition, pursuant to 28 U.S.C. § 2244(b).[1] Section 2244(b) directs courts of appeal to authorize the filing of a second habeas corpus application only if the application makes a prima facie showing that one of two specific requirements have been satisfied.[2]

Three of the claims now asserted by Bryan—his claims of ineffective assistance of counsel at the trial and at the penalty stage and on direct appeal—were presented in his first federal habeas corpus proceeding, and accordingly are due to be dismissed pursuant to § 2244(b)(1).

1. In seeking to reopen his first federal habeas corpus proceeding, and set aside the final judgment therein, Bryan is seeking to circumvent the operation of the statutory limitations upon second or successive habeas corpus petitions, as set out in § 2244(b). Bryan argues that such circumvention is appropriate where there has been a fraud upon the court. Like the Fifth Circuit in *Fierro v. Johnson*, 197 F.3d 147 (5th Cir.1999), we need not address whether or not fraud upon the court could in some other circumstances be used to circumvent the operation of § 2244(b), because we readily conclude that Bryan's allegations of fraud fall short of any such fraud upon the court. Bryan alleges only that the trial attorney, in an out-of-court conversation with Bryan's collateral counsel in connection with the 1991 collateral proceedings in state court, denied that he suffered from substance abuse during his representation of Bryan, whereas the attorney later admitted being an alcoholic at the time. Bryan points to no other indications of fraud, and no other impediments to the discovery in 1991 of the true facts had a more thorough investigation been conducted then. Bryan's allegations are precisely the kind of allegations of new evidence contemplated by § 2244(b), and we readily conclude that his allegations should be evaluated accordingly.

2. Section 2244(b) states:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

■ Assuming there are any other claims[3] that were not presented in the previous federal habeas corpus proceeding, they are to be evaluated under § 2244(b)(2). Bryan makes no argument that his claims rely upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Therefore, such claims must be evaluated under § 2244(b)(2)(B), concerning new evidence. Bryan asserts that he first learned in October, 1999, that his trial counsel was an active alcoholic, drinking daily, at the time of Bryan's trial. In addition to the attorney's October, 1999, affidavit, Bryan proffers the affidavit of the attorney's then secretary. We do not believe that Bryan has satisfied the due diligence prong of § 2244(b)(2)(B)(i). Bryan has not explained why a diligent investigation, for example during the 1991 collateral proceedings, could not have discovered the fact of the attorney's alcoholism.

We also conclude that Bryan has failed to satisfy the second prong of the test: that the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. Bryan has not explained how an alcohol-free counsel would have clearly resulted in a finding of innocence, whether by the jury or as might have been directed by the trial or appellate court. Indeed, the Florida Supreme Court, in *Bryan v. State*, 533 So.2d 744, 745 (1988), *cert. dismissed*, 528 U.S. 1133, 120 S.Ct. 1003, 145 L.Ed.2d 927 (2000), described the overwhelming evidence against Bryan at trial. Sharon Cooper, who accompanied Bryan at the relevant times, testified to the relevant events. Her direct testimony was corroborated by substantial evidence, including *inter alia*, Bryan's fingerprints on the internal workings of the murder weapon, and Bryan's own confession to a federal prisoner whom he also asked for assistance in concocting an alibi (itself corroborated by the outline of an alibi in appellant's handwriting). Thus, we readily conclude that Bryan has failed to satisfy the second prong of the test.[4]

Because Bryan has failed to make the necessary showing under § 2244(b), his application must be denied.

APPLICATION DENIED.[5]

---

3. It is not clear whether Bryan is asserting other claims not presented in the first federal habeas corpus proceeding.

4. Instead of the proper focus discussed in text, Bryan would have us focus upon his argument that he could have mounted a stronger ineffective assistance of counsel claim had he known that the trial attorney was an alcoholic. However, his ineffective assistance of counsel claims are subject to dismissal under § 2241(b)(1). Moreover, we note in passing that the courts previously addressing his ineffective assistance of counsel claims have concluded that Bryan failed to satisfy the prejudice prong—i.e., failed to demonstrate a reasonable probability that the result would have been different. In the materials presented to us, Bryan has made virtually no argument that there is any increased probability that the result would have been different. Bryan has adduced little more than the fact that the trial attorney suffered from alcoholism at the time of the trial, and has pointed to very little additional evidence going to the prejudice prong. In this regard, we note that the trial attorney, in his October, 1999, affidavit, did concede that he was an alcoholic at the time of the trial. However, in a February, 2000, affidavit, the attorney indicates that there was no impairment of his faculties.

5. The request for stay of execution contained in the application is also DENIED.