**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Respondent/Appellee,

v.

TIMOTHY JAMES McVEIGH,

    Movant/Appellant.

No. 01-1273
(District of Colorado)
D.C. No. 96-CR-68-M)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY,** and **MURPHY**, Circuit Judges.

On June 6, 2001, Judge Matsch of the United States District Court for the

District of Colorado denied Timothy McVeigh's petition for a stay of execution.

On appeal, McVeigh renews his argument that he is entitled to a stay in aid of the

district court's jurisdiction over McVeigh's anticipated claim that the

government's failure to produce certain documents constituted a fraud on the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court.  *See* 28 U.S.C. § 1651; Fed. R. Civ. P. 60(b); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944).  Due to this alleged fraud on the court, McVeigh contends that his anticipated Fed. R. Civ. P. 60(b) motion would be exempt from the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which limit a federal prisoner's right to file a "second or successive" motion under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2244(b); *id.* § 2255 para. 8 (incorporating requirements from § 2244(b)).[1]

In denying McVeigh's request for a stay, the district court first assumed that under certain circumstances a showing of fraud on the court could serve to allow the reopening of a previously filed § 2255 petition under Rule 60(b) without the necessity of satisfying the rigorous standards set out in the AEDPA for the filing of second or successive habeas petitions.  *See Calderon v. Thompson*, 523 U.S. 538, 553, 557 (1998) (arguably suggesting exception for fraud on the court); *Workman v. Bell*, 227 F.3d 331, 335 (6th Cir. 2000) (plurality opinion for equally divided court) (recognizing exception); *United States v MacDonald*, No. 97-7297, 1998 WL 637184, at *3 (4th Cir. Sept. 8, 1998)

---

[1]As McVeigh candidly conceded in his filings before the district court, except for his argument that there is a fraud on the court exception to § 2255 para. 8's gatekeeping and certification requirements, it is absolutely clear that his anticipated Rule 60(b) motion would be considered a second or successive § 2255 motion over which the district court would have no jurisdiction.  *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998).

(unpublished disposition) (same); *see also In re Bryan*, 244 F.3d 803, 804 n.1 (11th Cir. 2000) (declining to reach the issue); *Fierro v. Johnson*, 197 F.3d 147, 153 (5th Cir. 1999) (same). The district court concluded, however, that McVeigh had not come close to establishing a reasonable basis to believe that he would be able to satisfy the exceedingly demanding standards applicable to a fraud on the court claim. Without the requisite fraud on the court foundation, the district court concluded that it would not have jurisdiction over McVeigh's anticipated Rule 60(b) motion. Because § 1651 does not constitute a grant of jurisdiction, but instead merely empowers federal courts to issue all writs necessary or appropriate in aid of respective jurisdiction, and because it would not have jurisdiction over McVeigh's anticipated Rule 60(b) motion, the district court concluded that it must deny McVeigh's request for a stay. *See Hatch v. Oklahoma*, 92 F.3d 1012, 1017 (10th Cir. 1996) (holding that a stay of execution is only appropriate where the movant demonstrates substantial grounds upon which relief might be granted (citing *Barefoot v. Estelle*, 463 U.S. 880, 895 (1983)).

On appeal, McVeigh asserts that the district court failed to answer the key question presented in his stay motion: Has McVeigh made a sufficient showing that given time to pursue the matter he would be able to demonstrate a fraud on the court? Instead, according to McVeigh, the district court simply undertook a materiality analysis under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), an analysis

which McVeigh contends was improperly skewed by application of the pre-AEDPA successive writ standard from *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992). McVeigh's interpretation of the district court's oral ruling is untenable in several respects.

First, although the district court did opine that allowing McVeigh to reopen his previously filed § 2255 petition would be futile because evidence that others had participated in the bombing would not have led to a different result during the penalty phase, the district court specifically held that McVeigh had not made a sufficient showing of fraud on the court. In this regard, the district court recognized that under binding Tenth Circuit precedent "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996). The district court then proceeded to set out at length its reasoning for concluding that McVeigh had not demonstrated a reasonable probability that given additional time he could present a viable claim of fraud on the court.[2]

---

[2]The district court held as follows:

> But at any rate, I've looked at what has been submitted here as a showing or a presumed showing that there was some fraud upon the Court by the failure of the Federal Bureau of Investigation to produce documents that were clearly within the scope of the discovery agreement and that they didn't – there is no suggestion that prosecuting counsel was aware prior to this May.
>
> It has been argued forcefully here by Mr. Nigh that this calls into question the integrity of the process and that this court has a

Second, McVeigh is simply wrong in trying to compartmentalize the questions of fraud on the court and *Brady* materiality. If the evidence in question was not material, a fundamental requirement for fraud on the court would be

responsibility to protect that integrity. But I think there has to be a drawn a distinction between the integrity of the Federal Bureau of Investigation and the integrity of the adjudicative process leading to the–to these verdicts and recommendation. They are quite different things.

It is the function of others to hold the FBI accountable for its conduct here, as elsewhere. And I would expect that there would be consequences upon finding what the defense suggests; but there is a great deal of difference between an undisciplined organization or organization that is not adequately controlled or that can't keep track of its information–those are not the questions here. We're not here for the purpose of trying the FBI.

The suggested evidentiary hearing that defense counsel want to present would be within the Court's jurisdiction and relevant only if I were forced to determine that there is enough here to suggest the kind of intentional planning and scheme to defraud the Court by withholding the evidence and, as the defense counsel have pointed out, to cause the prosecuting attorneys repeatedly through the course of the trial to say: Yes, we've provided your directives to communicate, and all of the agencies have gathered together the information that should be produced in discovery and under Brady.

. . . .

Now, I do not doubt that there may be as a result of the requested evidentiary hearing evidence presented of negligence, lack of coordination, lack of organization in the collection and maintaining of the materials. But it has to also be viewed in the context of the massive investigation was undertaken here and the speed with which it was done.

There seems in my review of what's been submitted here no pattern of what was not disclosed that would suggest a scheme to keep away from the defense what they needed for trial, including the sentence hearing. I don't see that.

-5-

absent. *See United States v. Beggerly*, 524 U.S. 38, 47 (1998) (holding that Fed. R. Civ. P. 60(b) motion premised on fraud on the court is "available only to prevent a grave miscarriage of justice"). Furthermore, the fact that only non-material matters were involved undercuts any inference that the prosecution perpetrated a "deliberately planned and carefully executed scheme to defraud." *Hazel-Atlas Glass*, 322 U.S. at 245.

Finally, McVeigh is simply incorrect in asserting that the district court's materiality discussions were tainted by its reference to *Sawyer*. Considered as a whole, the only reasonable reading of the district court's ruling is that the district court referenced *Sawyer* solely for the proposition that in conducting its *Brady* materiality assessment it must focus on both the underlying guilty verdict *and* the death penalty. *See Sawyer*, 505 U.S. at 342-43 (noting that a death row petitioner can be innocent of the death penalty entirely independent of whether he is innocent of the underlying capital offense). After so recognizing, the district court applied the normal *Brady* materiality standard in evaluating whether there was a reasonable probability that the omitted evidence would have altered the outcome of McVeigh's penalty proceedings.

This court **affirms** the district court's denial of a stay of execution. Even assuming the existence of a fraud on the court exception to the gatekeeping requirements and affirmative limitations in § 2255 applicable to second or

successive motions, McVeigh has utterly failed to demonstrate substantial grounds upon which relief might be granted. *See Beggerly*, 524 U.S. at 47; *Hazel-Atlas Glass*, 322 U.S. at 245; *Weese*, 98 F.3d at 552-53 ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court."). Having affirmed the district court, there is no basis upon which to grant McVeigh's Emergency Application for Stay of Execution filed in this court pursuant to Fed. R. App. P. 8 and 10th Cir. R. 8.1. Accordingly, that application is hereby **denied**.

In an abundance of caution, this court alternatively treats McVeigh's notice of appeal as a request to file a second or successive motion under § 2255. We **deny** that request, noting our complete agreement with McVeigh's candid concession in his district court filings that the newly produced materials do not satisfy the standard set out in § 2255 para. 8 and § 2244(b).

ENTERED FOR THE COURT

PER CURIAM

-7-