**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-206

In re: JOHN EARL MCFADDEN,

Movant.

On Motion for Authorization to File Successive § 2254 Petition
in the United States District Court for the Eastern District of
Virginia, at Richmond.

Argued: January 27, 2016          Decided: June 20, 2016

Before KING, GREGORY, AND WYNN, Circuit Judges.

Motion denied by published opinion. Judge Wynn wrote the
opinion, in which Judge King and Judge Gregory joined.

**ARGUED:** Anatoly Smolkin, GALLAGHER EVELIUS & JONES LLP,
Baltimore, Maryland, for Movant. Rosemary Virginia Bourne,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia,
for Respondent. **ON BRIEF:** Paul S. Caiola, GALLAGHER EVELIUS &
JONES LLP, Baltimore, Maryland, for Movant. Mark R. Herring,
Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia, for Respondent.

WYNN, Circuit Judge:

John Earl McFadden moves for authorization to file a successive habeas corpus application[1] pursuant to 28 U.S.C. § 2254. His claim is based on newly discovered facts suggesting that his trial counsel did not communicate to him a favorable plea offer. However, the claim does not fall within the exceptions to the bar on successive habeas applications under 28 U.S.C. § 2244(b) because it neither arises from a new constitutional rule of law, nor introduces evidence relevant to an evaluation of McFadden's guilt. Accordingly, we deny the motion.

                                I.

In December 2006, a Virginia state jury convicted McFadden of eleven offenses, including multiple counts of robbery and use of a firearm in the commission of a felony. McFadden is currently serving an 88-year sentence for those convictions in a Virginia prison. Over the years, McFadden has filed a direct appeal, multiple state habeas petitions,[2] and a federal habeas

---

[1] Although "it is settled law that not every numerically second petition is a 'second or successive' petition," In re Williams, 444 F.3d 233, 235 (4th Cir. 2006), McFadden presents his petition as successive, so we have no occasion to question that characterization.

[2] Most recently, in May 2015, McFadden filed a fourth state habeas petition, which was dismissed as time barred under Va. Code § 8.01-654(A)(2). Because that provision "contains no exception allowing a petition to be filed after" the limitations period has expired, Hines v. Kuplinski, 591 S.E.2d 692, 693 (Va.

application challenging his conviction and sentence, none of which have been successful.

McFadden now alleges in a proposed successive habeas application that despite multiple attempts over the years to obtain his entire case file from his trial and appellate counsel, it was not until May 2014 that he was provided with a particular document suggesting that his counsel provided constitutionally ineffective assistance. That document is a proposed plea agreement, signed by McFadden's trial counsel but not by the government, stipulating that McFadden would plead guilty to one count of robbery and one related count, and would be sentenced to no more than ten years of active incarceration. McFadden claims that his counsel failed to communicate this supposed offer, that McFadden would have accepted it had he known about it, and that he was prejudiced as a result.

McFadden has filed a motion for pre-filing authorization with this Court, a procedural prerequisite for the filing of a successive federal habeas application. 28 U.S.C. § 2244(b)(3)(A).

II.

2004), McFadden's claim may be treated as exhausted, regardless of whether McFadden is pursuing an appeal in Virginia state court, Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration [of] the claim . . . ." (citations omitted)).

3

We may grant McFadden's pre-filing authorization motion "only if . . . the application makes a prima facie showing that [it] satisfies the requirements" outlined below. 28 U.S.C. § 2244(b)(3)(C). A prima facie showing is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." In re Williams, 330 F.3d 277, 281 (4th Cir. 2003) (quoting Bennett v. United States, 118 F.3d 468, 469–70 (7th Cir. 1997)).

McFadden's claim was not previously presented in a federal habeas application. See 28 U.S.C. § 2244(b)(1). However, he must nevertheless make a prima facie showing either that his claim relies on a new, retroactive, and previously unavailable rule of constitutional law, 28 U.S.C. § 2244(b)(2)(A), or that

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id. § 2244(b)(2)(B).

McFadden concedes that his claim does not depend on a new constitutional rule of law. Rather, he seeks to ground his pre-filing authorization motion in Section 2244(b)(2)(B)'s newly discovered facts exception.

4

However, even assuming a prima facie showing that "the factual predicate for [McFadden's] claim could not have been discovered previously through the exercise of due diligence," id. § 2244(b)(2)(B)(i), the newly discovered facts McFadden puts forth are not "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," id. § 2244(b)(2)(B)(ii).

On the contrary, the evidence McFadden offers, a supposed plea offer, would simply have no bearing on the deliberations of a "reasonable factfinder" regarding McFadden's innocence or guilt. Id.; see Calderon v. Thompson, 523 U.S. 538, 558 (1998) (characterizing Section 2244(b)(2)(B) as requiring a "prisoner [to] show[], among other things, that the facts underlying [his] claim establish his innocence by clear and convincing evidence"); Outlaw v. Sternes, 233 F.3d 453, 454–55 (7th Cir. 2000) (concluding that evidence of judicial bias did not satisfy Section 2244(b)(2)(B) in part because it was not relevant to the prisoner's innocence); In re Bryan, 244 F.3d 803, 805 (11th Cir. 2000) (deeming Section 2244(b)(2)(B) not satisfied because evidence that defense counsel was an active alcoholic did not call into question the jury's determination of guilt); Villafuerte v. Stewart, 142 F.3d 1124, 1126 (9th Cir. 1998) (holding that evidence of judicial bias does not satisfy Section

5

2244(b)(2)(B) because it "does not add to or subtract from the evidence of . . . guilt"); cf. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003) (concluding that newly discovered evidence that a prisoner's appellate attorney was disbarred could not permit the filing of a federal prisoner's successive application under 28 U.S.C. § 2255 because it merely "contest[ed] the fairness of the criminal proceedings" without touching upon the applicant's guilt).

Newly discovered evidence that a defendant may have lost out on a favorable plea offer fits neither of Section 2244(b)'s exceptions. McFadden's pre-filing authorization motion must therefore be denied.

## III.

Because McFadden has failed to make a prima facie showing that his application meets the requirements of Section 2244(b), we deny his motion to file a successive habeas application.

MOTION DENIED

6