**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRANDON FISHER,

 Petitioner - Appellant,

vs.

LENORA JORDON, Warden,

 Respondent - Appellee.

No. 00-6312
(D.C. No. CIV-00-844-C)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.**

 Brandon Fisher, an inmate proceeding pro se, seeks to appeal from the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. For substantially the same reasons stated in the district court's order, we affirm the denial of Mr. Fisher's application for a certificate of appealability ("COA"), and dismiss the appeal. See Slack v. McDaniel, 529 U.S.

---

 * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

 ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

473, 482 (2000).

Mr. Fisher entered a guilty plea in Oklahoma state court on September 9, 1986. Doc. 13 at 1. Because Mr. Fisher made no timely application to withdraw his plea, the judgment against him became final on the day he pled guilty. Okla. Ct. Crim. App. Rule 4.2(A) (providing that defendant must apply to withdraw plea within ten days from date of judgment). Between 1994 and 1999, Mr. Fisher filed three applications for post-conviction relief in state court, all of which were denied by the trial court and the Oklahoma Court of Criminal Appeals ("OCCA"). Only the second and third applications are relevant to this appeal. Although the record does not specify when the second application was filed, the OCCA dismissed Mr. Fisher's appeal from the denial of that application on May 7, 1996. Doc. 13 at 4. Petitioner filed his third post-conviction application on January 5, 1999, id., and the present federal petition on May 5, 2000. Doc. 1. Upon the Magistrate Judge's recommendation, Doc. 13, the district court dismissed Mr. Fisher's § 2254 petition as untimely. Doc. 16. The court also denied Mr. Fisher's application for a COA. Doc. 22.

To obtain a COA, Mr. Fisher must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that his petition was untimely.

- 2 -

Slack, 529 U.S. at 484 (emphasis added).  Each component of this showing "is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Id. at 485.  In this case, that issue is whether Mr. Fisher's petition was timely.  We agree that it was not.

Because Mr. Fisher's petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998), including the one-year time bar set forth at 28 U.S.C. § 2244(d)(1).  Under that provision, a federal habeas petition must be filed within one year from "the date on which the judgment became final . . . ."  28 U.S.C. § 2244(d)(1)(A).  For petitioners like Mr. Fisher, whose convictions became final before AEDPA took effect on April 24, 1996, the limitations period begins to run on that date and ends April 23, 1997.  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).  "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Given that the OCCA denied Mr. Fisher's second post-conviction appeal on May 7, 1996, we can infer that the second application was pending in state court on April 24, 1996.  Thus, the limitation

period did not begin to run until May 7, 1996, and ended one year later on May 6, 1997.  Mr. Fisher's third post-conviction motion, filed on January 5, 1999, was too late to trigger any additional tolling under § 2244(d)(2).

Mr. Fisher claims that his ignorance of AEDPA, allegedly stemming from prison overcrowding and inadequate prison libraries, justifies equitable tolling of the one-year time bar.  This court has recognized that AEDPA's limitation period "may be subject to equitable tolling."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  To justify equitable tolling, an inmate must make a specific showing of: (1) lack of access to relevant materials, and (2) the steps taken to "diligently pursue his federal claims."  Id.  Mr. Fisher's allegations regarding his ignorance of AEDPA are inadequate: "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."  Id.; see also Felder v. Johnson, 204 F.3d 168, 169 (5th Cir. 2000) (holding that petitioner's "alleged unawareness of AEDPA's requirements . . . due to inadequacies of his prison's library" was "clearly insufficient to warrant equitable tolling").  We also note that nearly four years elapsed between the OCCA's dismissal of Mr. Fisher's second post-conviction motion (when the AEDPA time limit began to run) and the filing of the instant petition.  This lengthy gap precludes any claim that he diligently pursued his federal claims.  Accordingly, equitable tolling is not available to Mr. Fisher, and

his petition was properly dismissed as untimely.

Mr. Fisher has also filed a motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(1). To obtain in forma pauperis status under 28 U.S.C. § 1915(a)(1), a habeas petitioner/appellant must show "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (quotations and citation omitted). Mr. Fisher has $1,204.58 in his institutional accounts. Doc. 21 at 2. Since this amount was sufficient to prepay the filing fee of $105, Mr. Fisher is not entitled to in forma pauperis status.

Accordingly, Mr. Fisher's petitions for a COA and to proceed in forma pauperis are DENIED and the appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge