**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARNOLD D. BUTLER,

      Defendant-Appellant.

No. 06-8023
(D.C. No. 02-CV-224-B)
(Wyoming)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Arnold Devonne Butler, a federal prisoner proceeding *pro se*[1], challenges

the district court's denial of his Rule 60(b)(6) motion. The district court also

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Because he is proceeding pro se, we review Mr. Butler's pleadings and filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

denied Mr. Butler's application for a certificate of appealability ("COA")[2].

Because we conclude the district court incorrectly treated Mr. Butler's Rule 60(b) motion as a "true" Rule 60(b) motion, we vacate the district court's order for lack of jurisdiction, construe Mr. Butler's motion as an application to file a second or successive habeas petition, and deny that motion.

Mr. Butler was convicted by a jury in 1998 of possession of cocaine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). In 2002, he filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 claiming he was denied effective assistance of counsel. The district court denied Mr. Butler's § 2255 motion, and he appealed. We denied Mr. Butler's application for a COA and dismissed his appeal. Rec., vol I at tab 24.

More than a year and a half after the district court denied his § 2255 motion, Mr. Butler filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(6), claiming the district court misconstrued his § 2255 claims and the accompanying affidavit. The district court stated that it had "reviewed Mr. Butler's supplemental affidavit again" and that "[e]ven when viewed in the light

---

[2] A petitioner must obtain a COA before proceeding with his or her appeal of a district court's denial of his or her Rule 60(b) motion, where the district court treated the motion as a "true" Rule 60(b) motion and not as a second or successive habeas petition. *Spitznas v. Boone*, __ F.3d __, 2006 WL 2789868 at *3 (10th Cir., Sept. 29, 2006).

suggested by Mr. Butler, the affidavit is insufficient to support any of the claims presented in his original § 2255 motion." Rec., vol. I at tab 27. The court denied Mr. Butler's Rule 60(b)(6) motion, and he appeals that decision.

In *Spitznas v. Boone*, __ F.3d __, 2006 WL 2789868 at *1 (10th Cir., Sept. 29, 2006), we acknowledged that in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court overruled our holding in *Lopez v. Douglas*, 141 F.3d 974 (10th Cir. 1998), that all Rule 60(b) motions in habeas proceedings must be treated as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). Accordingly, we now must distinguish between Rule 60(b) motions that are "true" Rule 60(b) motions and second or successive habeas petitions that merely masquerade as Rule 60(b) motions. *Spitznas*, 2006 WL 2789868 at * 1-4. "Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id*. at 1. In the event we determine that the district court incorrectly treated a motion for a successive or second habeas petition as a Rule 60(b) motion, "we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." *Id*. at *4.

Mr. Butler's claim that the district court misconstrued arguments in his §2255 motion and certain statements in his affidavit do not, as he asserts, "challenge[] a defect in the integrity of the federal habeas proceeding." *Id*. at *1.

-3-

Instead, his claim fits squarely within one of the examples of a Rule 60(b) motion that we said in *Spitznas* should be treated as a second or successive habeas petition in that his "motion seek[s] vindication of [one of his underlying] habeas claim[s] by challenging the habeas court's previous ruling on the merits of that claim." *Id.* (quotations omitted). In other words, Mr. Butler's claim that the district court misconstrued his arguments or certain evidence he presented does nothing more than challenge the court's ruling. Accordingly, his Rule 60(b)(6) motion cannot be deemed a "true" Rule 60(b) motion and must instead be treated as a second or successive habeas petition.

> The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus. *See* 28 U.S.C. § 2244. Before a petitioner may file a second or successive 28 U.S.C. § 2254 petition in the district court, he must successfully apply to this court for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3).

*Spitznas*, 2006 WL 2789868 at *1 (footnote omitted). In order to receive authorization to file a successive petition,

> an applicant must make a prima facie showing that he satisfies the criteria in § 2244(b)(2). . . . That is he must show that: (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B).

*Spitznas*, 2006 WL 2789868 at *12. We need not consider whether Mr. Butler

-4-

meets the second element of this inquiry, "since the test is conjunctive and he fails the first element." *Id.* Mr. Butler presents no new facts or evidence in support of his ineffective assistance of counsel claims. Instead, he merely asserts the district court misunderstood the evidence he had previously presented. He has thus failed to make a prima facie showing that might permit us to authorize the filing of a second or successive petition.

Accordingly, we **VACATE** for lack of jurisdiction the district court's order denying Mr. Butler's Rule 60(b)(6) motion, **DISMISS** his application for a COA and **DISMISS** this appeal. Finally, we construe Mr. Butler's notice of appeal as an application to file a second or successive habeas petition, and we **DENY** it.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge